### In re VAUGHN'S WILL.
No. 1-326.

County Judge's Court, Hamilton County.
September 11, 1963.

J. B. Hodges, Lake City, for the proponents.

David Lanier, Madison, for the heirs at law.

JOHN H. McCORMICK, Judge.

*Order for probate of nuncupative will:* This cause came on to be heard after citations and due notice had issued and been served upon those who, but for such will, would be entitled to the property to be bequeathed and upon the petition for order of probate of nuncupative will, the amended answer filed by the respondents and the renewal of motion to strike certain portions of the amended answer.

The parties were represented by counsel and the testimony of the witnesses, Ferman Staten, Jack Staten, Johnnie Maine, Charlie Rhoden, Russell Rhoden, Dr. Frederick T. Mickler, and Mrs. Lucille Ridgeway, was taken before this court on August 28, 1963. Based on this testimony the court finds —

1. This court has jurisdiction of the parties hereto and the subject matter hereof.

2. That the deceased, Troy M. Vaughn, during his last sickness, on Wednesday, June 26, 1963, and in the presence of the witnesses, Ferman Staten, Jack Staten, and Johnnie Maine, gained the attention of said witnesses and then said deceased made the following statements —

"You are going to carry out my wishes; what I have been talking to you about. I want all my property to go to my two nieces, Mrs. Ridgeway and Mrs. Barnes."

The foregoing establishes that a valid nuncupative will was made by the deceased, Troy M. Vaughn, and said will is entitled to probate in this court because the deceased was a resident of Hamilton County and of the state of Florida, died in said county on June 30, 1963, and the testimony proving said will was adduced before this court less than three months from the speaking of said will by said deceased. In re Cook's Will, 8 Fla. Supp. 51.

3. That the testimony of Ferman Staten and Mrs. Lucille Ridgeway establishes that Mrs. Evelyn Barnes and Mrs. Lucille Ridgeway, both of Jackson, Georgia, are the two nieces of Troy

M. Vaughn, deceased, and that said nieces are entitled to inherit under the nuncupative will of said deceased.

4. According to the testimony of Ferman Staten, Sheriff Charlie Rhoden, and Deputy Sheriff Russell Rhoden, the deceased was taken to the Hamilton County Memorial Hospital, in Jasper, Florida, a few hours after having made the aforesaid nuncupative will and he remained in said hospital suffering from the same sickness until he died on June 30, 1963, as aforesaid.

5. According to the testimony of Dr. Frederick T. Mickler, the deceased, Troy M. Vaughn, suffered a stroke which proved fatal, was in a comatose or unconscious condition from the time he was admitted to said hospital until he died, and was, because of such sickness, unable to transact business during the entire time that he was in said hospital.

6. That the motion to strike should be denied.

7. That said nuncupative will of the deceased does not affect the real property of the deceased.

Whereupon, after the taking of said testimony before this court, within less than three months from the time of said spoken words of the testator, the court having heard argument of counsel and being fully advised in the premises, it is thereupon ordered, adjudged and decreed —

(1) That this court has jurisdiction of the parties hereto and the subject matter hereof.

(2) That the motion to strike a portion of the amended answer of the respondents is denied.

(3) That the nuncupative will of the deceased, Troy M. Vaughn, to-wit —

"You are going to carry out my wishes; what I have been talking to you about. I want all my property to go to my two nieces, Mrs. Ridgeway and Mrs. Barnes."

be and the same is hereby declared valid and admitted to probate as the spoken will of the said deceased according to the testimony before this court presented in accordance with the law and the statutes governing the same within the time allowed thereby.

(4) That Mrs. Lucille Ridgeway and Mrs. Evelyn Barnes, both of Jackson, Georgia, are the two nieces of Troy M. Vaughn, deceased, who are entitled to inherit under the said nuncupative will.

(5) That the personal property of the deceased, Troy M. Vaughn, is the only property which shall pass under said will.